**Allen Ray ADAMS, II, Petitioner— Appellant,**

v.

**Roy A. CASTRO, Warden, Respondent— Appellee.**

No. 06–15111.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2007.

Filed March 8, 2007.

---

John Grele, San Francisco, CA, for Petitioner–Appellant.

Morris Beatus, Esq., Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: SCHROEDER, Chief Circuit Judge, NOONAN and GOULD, Circuit Judges.

## MEMORANDUM *

Allen Ray Adams appeals the district court's denial of his habeas petition challenging his first degree murder conviction for killing the victim by striking him on the head with a baseball bat. The petitioner was seventeen at the time.

The scope of our review under AEDPA is narrow. *See* 28 U.S.C. § 2253. Adams claims he received ineffective assistance of counsel in a number of respects. None suggests both a deficiency of performance and resulting prejudice sufficient to constitute a violation of federal rights under AEDPA and *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The failure of counsel, for example, to suggest that Adams and his group of friends together purchased three 12–packs of beer rather than two does not indicate the level of Adams' intoxication, or his ability to form intent to strike the victim. Nor was counsel shown to have acted unreasonably in putting Dr. Pittel on the stand, despite Dr. Pittel's prior arrest for cocaine use, as counsel could not reasonably have anticipated that the arrest would be used for impeachment. Moreover, the record does not suggest that there was other readily available expert testimony on

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the key issue of intent. The petitioner has failed to show there was any available evidence that would have materially affected the jury's consideration of the victim's degree of intoxication and hence furthered the petitioner's imperfect self-defense claim.

We are not in a position to second guess the California court's interpretation of its own law on "lying in wait." Contrary to petitioner's assertion, defense counsel did impeach the critical government witness on the issue.

Finally, petitioner has not shown that there was any material information that counsel withheld from the expert that was not otherwise available through the expert's communications with petitioner himself. In sum, petitioner's claims amount to no more than second guessing counsel's performance in an effort to show, with the benefit of hindsight, ways in which it might have been improved. He has not established any deficiency in performance that prejudiced the petitioner.

AFFIRMED.

